**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SULEJMAN NICAJ, ) | |
| ) | 13-cv-7793 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHOE CARNIVAL, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT- CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Sulejman Nicaj ("Plaintiff"), individually and on behalf of a class defined herein brings this action against Shoe Carnival, Inc. ("Defendant" or "Shoe Carnival"), for willfully violating the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") codified at 15 U.S.C. § 1681c(g)(1).

2. "FACTA was intended to 'protect consumers from identity thieves' and 'to limit the number of opportunities for identity thieves to 'pick off' key card account information.'" *Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *See also Cicilinne v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *see also Harris v. Mexican Specialty Food, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009)).

3. The United States has formally taken the position that there is liability under 15 U.S.C. § 1681c(g)(1) for printing a credit or debit card's expiration date on electronically printed receipts after June 3, 2008. *Hepokoski v. Brickwall of Chicago*, 09 C 611, Doc. 37, Response of the United States in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, (N.D. Ill. June

23, 2009) (emphasis added).

4. A plaintiff need not demonstrate that he or she was a victim of identity theft to prevail on a claim for statutory damages only under the FCRA upon a showing that a defendant willfully violated 15 U.S.C. § 1681c(g)(1). *See Murray v. GMAC Mortg. Corp.,* 434 F.3d 948 (7th Cir. 2006).

5. "[A] reading [of the FCRA] that is 'objectively unreasonable' can be deemed a 'willful' violation." *Van Straaten v. Shell Oil Products Co. LLC,* 648 F.3d 486, 489 (7th Cir. 2012) (*quoting Safeco Ins. Co. of America*, 551 U.S. at 69), *cert denied*, 133 S. Ct. 983; 184 L. Ed. 2d 761; 2013 U.S. LEXIS 926 (Jan. 23, 2013)).

6. The law is clear that a cardholder's card's expiration date is not to be printed on an electronically printed receipt provided to the cardholder at the point of sale. *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal. Apr. 5, 2007); accord, *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D. Ill. 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.,* 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc*., 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D. Ill., Dec. 18, 2007); *Korman v. Walking Co*., 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc*., 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D. Nev. Dec. 3, 2007).

7. The Credit and Debit Card Receipt Clarification Act of 2007, codified at 15 U.S.C. § 1681c(g)(1) made it clear that after June 3, 2008, credit and debit cards' expiration dates where not to be printed on any electronically printed receipt provided to cardholders at the point of sales or transaction.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. §

1681p (FCRA).

9. Venue is proper as Defendant operates multiple business locations within the District.

## PARTIES

10. Plaintiff is a natural person residing in the State of Illinois.

11. Shoe Carnival is one of the nation's largest footwear retailers operating, as of February 2, 2013, three hundred forty-seven stores in the United States, including twenty-six stores in Illinois.

12. Shoe Carnival is a publically traded company on NASDAQ with the symbol SCVL.

## FACTS

13. According to Shoe Carnival's 10-K filing with the SEC on April 15, 2013:

> We have invested significant resources in information technology. Our proprietary inventory management and advanced point-of-sale ("POS") systems provide corporate management, buyers and store managers with the timely information necessary to monitor and control all phases of operations. The POS provides, in addition to other features, full price management (including price look-up), promotion tracking capabilities (in support of the spontaneous nature of the in-store price promotions), real-time sales and gross margin analysis by product category at the store level and customer tracking. Using the POS, store managers are able to monitor sales and gross profit margins on a real-time basis throughout the day. Reacting to sales trends, our mic-people use POS reports to choose from among a number of product promotions supplied by our centralized merchandising staff.

14. Defendant accepts Visa and MasterCard branded credit and debit cards and American Express and Discover branded credit cards.

15. Under the terms and conditions of Visa, MasterCard, American Express, Discover Defendant is not to print a card's expiration date on any receipt in which a card is used.

16. On information and belief, Defendant received the terms and conditions to which

it is obligated to comply with to accept American Express and information that specifically referenced the Fair and Accurate Credit Transactions Act's requirement to mask credit card expiration dates.

17. On information and belief, Defendant received the terms and conditions to which it is obligated to comply with to accept the Discover card that specifically referenced the Fair and Accurate Credit Transactions Act's requirement to mask credit card expiration dates.

18. On information and belief, Defendant would have been instructed by its acquiring bank that it was to read, review for changes to the terms and conditions, and abide by the terms and conditions of the current Visa and MasterCard operating regulations.

19. On information and belief, Defendant at least two years prior to the filing of this lawsuit would have knowledge or would have received information regarding FACTA's truncation requirements codified at 15 U.S.C. § 1681c(g)(1).

20. Defendant's businesses use more than one cash register and/or other machines or devices that electronically print receipts for all credit card and debit card transactions.

21. On October 29, 2013, Plaintiff used his Visa debit card to make a payment for his purchase at Shoe Carnival's store located in Naperville, Illinois.

22. On October 29, 2013, Defendant's employee provided Plaintiff an electronically printed receipt at the point of sale that contained the month of Plaintiff's Visa card's expiration date.

23. On October 29, 2013, Defendant's point of sale terminal at its store location in Naperville, Illinois was programed to print the month of credit and debit card's expiration dates on electronically printed receipts.

24. The printing of an expiration date on receipts by Defendant is an intentional act as

it required its point of sale software to be programmed to read the expiration date from credit and debit cards' magnetic strip and to cause the point of sale terminal to print the card's expiration date on the receipts.

## VIOLATION ALLEGED

25. Paragraphs 1 – 23 are incorporated herein.

26. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

27. Plaintiff is a "cardholder" as defined in 15 U.S.C. § 1602(m).

28. Plaintiff is an "consumer" as that term is used in 15 U.S.C. § 1681n(a)

29. Defendant is a "person" as defined in 15 U.S.C. § 1681a(b).

30. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" under 15 U.S.C. §1681c(g)(1).

31. On October 29, 2013 Defendant did not comply with the truncation requirements of 15 U.S.C. §1681c(g)(1) in that an electronically printed receipt it printed had the month of the cardholder's card's expiration date on the receipt.

32. 15 U.S.C. §1681c(g)(1) provides that:

> … no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number *or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

15 U.S.C. §1681c(g)(1) (emphasis added).

33. On January 24, 2012, the Third Circuit in *Tommy Hilfiger* held:

> We conclude that the most natural reading of the phrase 'expiration date' is that it refers to the information or data (usually a string of numbers) contained in the expiration date 'field' on the face of the credit or debit card. In other words, FACTA is best read as prohibiting merchants from printing the numbers in that field, which Long alleges Hilfiger did in this case by printing 'EXPIRY: 04/##.' The fact that Hilfiger printed only a part or portion of the expiration date numbers from Long's credit card does not change the result.

*Tommy Hilfiger*, 671 F.3d at 375.

34. Statutory damages in the amount of $100 to $1,000 are available for each time Defendant willfully violated 15 U.S.C. §1681c(g)(1). 15 U.S.C. § 1681n(a)(1)(A), (a)(2).

35. Defendant willfully violated 15 U.S.C. §1681c(g)(1).

## CLASS ALLEGATION OF THE VIOLATION ALLEGED

36. Plaintiff brings this action on behalf of a pursuant to FED. R. CIV. P. 23(a) and (b)(3).

37. The class is defined as: All persons to whom Shoe Carnival provided at the point of sales an electronically printed receipt that displayed any portion of the cardholder's card's expiration date at any of its stores located in Illinois in a transaction occurring on or after February 1, 2012.

38. As under Rule 23 class definitions may be changed prior to judgment, Plaintiff preserves the right to change the above class definition to include up to all of Defendant's stores located in the United States and for a time period as far back as two years prior to the filing of the Complaint.

39. On information and belief, the class is so numerous that joinder of all individual members in one action would be impracticable.

40. On information and belief, there are more than 40 natural persons who are within the proposed class definition above.

41. On information and belief, Defendant has the names or access to the names of the class members as that information would have been extracted from the cards' magnetic strips and printed on the receipts.

42. Plaintiff's claims are typical of the claims of the class members.

43. Plaintiff's claims are based on the same legal theory and arise from the same unlawful conduct.

44. There are common questions of law and fact affecting members of the class, which common questions predominate over questions that may affect individual members. These include the following:

    a. Whether printing an electronically printed receipt with any part of a credit or debit card's expiration date on it that is provided to the cardholder at the point of sales or transaction violates 15 U.S.C. § 1681c(g)(1);

    b. Whether Defendant's conduct complained of was willful; and

    c. The amount of statutory damages Plaintiff and the class are entitled to.

45. Plaintiff will fairly and adequately represent the class members.

46. Plaintiff has no interests that conflict with the interests of the class members.

47. Plaintiff has retained experienced counsel in class action and consumer matters.

48. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members.

49. Individual actions are not economically feasible and the class members are more than likely not aware that their rights have been violated.

WHEREFORE, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the class for:

    a. Statutory damages of no less than $100 no more than $1,000 per violation;

    b. Attorney's fees and costs; and

    c. Any other relief this Court deems as appropriate.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

### NOTICE OF LIEN AND ASSIGNMENT OF ATTORNEY'S FEES

PLEASE TAKE NOTICE that Plaintiff has irrevocably assigned his rights to attorney's fees to her undersigned counsel who has taken a lien on such fees.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com