**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SULEJMAN NICAJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-cv-7793 |
| | ) | |
| SHOE CARNIVAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SHOE CARNIVAL'S MEMORANDUM IN SUPPORT
OF ITS RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Sulejman Nicaj alleges that he made a purchase at Defendant Shoe Carnival, Inc.'s store in Naperville, Illinois, and received a receipt that contained the month—but not the year—of his card's expiration date. He does not claim to have suffered any harm from having gotten that receipt. Rather, he claims that he (and everyone else who got a similar receipt) is entitled to a statutory penalty of at least $100 on the theory that Shoe Carnival willfully violated the Fair and Accurate Credit Transaction Act's (FACTA) prohibition on printing a card's "expiration date" on receipts. 15 U.S.C. § 1681c(g)(1).

Plaintiff's complaint should be dismissed because Shoe Carnival did not print his card's "expiration date" on his receipt. The ordinary meaning of "expiration date" requires both a month and a year. Shoe Carnival did not print the year, and thus did not print the date. The receipt it gave Plaintiff complied with FACTA.

Even if this Court were to disagree with Shoe Carnival and hold that printing only the month of an expiration date counts as printing the date, the Court should still dismiss Plaintiff's complaint because Shoe Carnival's interpretation, even if not correct, is reasonable and hence Shoe Carnival did not *willfully* violate FACTA—which is what Plaintiff must establish for his

claim. Many courts have commented that truncating an expiration date complies with FACTA.

Only one case has addressed the issue directly. In that case the district and appellate courts

disagreed on whether printing the month alone complies with FACTA, but both agreed that Shoe

Carnival's interpretation is reasonable. Plaintiff therefore fails to state a claim for a willful

violation, and his Complaint should be dismissed.

## BACKGROUND

In 2003, Congress amended the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, by

enacting FACTA. Pub.L. No. 108–159, 117 Stat. 1952 (2003). Congress intended FACTA to

help combat identity theft by limiting the credit and debit card information displayed on printed

receipts. *Id.* FACTA provides that "no person that accepts credit cards or debit cards for the

transaction of business shall print more than the last 5 digits of the card number or the expiration

date upon any receipt provided to the cardholder at the point of the sale or transaction." 15

U.S.C. § 1681c(g)(1). For willful violations of FACTA, the violator is liable for either actual

damages sustained by the consumer or a statutory penalty of not less than $100 and not more

than $1,000 per violation. 15 U.S.C. § 1681n(a)(1)(A).[1]

In his Complaint, Plaintiff raises a single claim against Shoe Carnival for willful violation

of 15 U.S.C. § 1681c(g)(1). The sole factual allegation on which this claim is based is that

Plaintiff used a debit card to make a purchase at a Shoe Carnival store in Naperville, Illinois and

was given a receipt displaying "the month of Plaintiff's Visa card's expiration date." (Dkt. 1, ¶¶

20-21.)

---

[1] Following FACTA's enactment, numerous lawsuits were filed against merchants who mistakenly believed that truncating the card number alone complied with FACTA's requirements, and so Congress enacted the Credit and Debit Card Receipt Clarification Act in 2008. Pub.L. No. 110–241, 122 Stat. 1565 (2008). The Clarification Act provided a safe harbor from December 4, 2004 to June 3, 2008, for merchants that printed the expiration date but otherwise complied with FACTA. *Id.* Shoe Carnival's purported violation did not occur within the safe harbor period.

**ARGUMENT**

**I.     Legal standard**

When ruling on a Rule 12(c) motion to dismiss, this Court uses the same standard that applies when reviewing a motion under Rule 12(b)(6). *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Thus, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A plaintiff must plead some facts that suggest a right to relief that is beyond the "speculative level." *Id.*

**II.     Plaintiff's allegations do not establish that Shoe Carnival violated FACTA.**

The only factual allegation that Plaintiff makes in support of his claim is that Shoe Carnival printed "the month of Plaintiff's Visa card's expiration date" on his receipt. (Dkt. 1, ¶¶ 20-21). Plaintiff does not allege that Shoe Carnival printed the expiration date—the month and year—only that Shoe Carnival printed the month. Plaintiff has therefore failed to state a claim because he has not alleged that Shoe Carnival printed the "expiration date" in violation of FACTA. *See* 15 U.S.C. § 1681c(g)(1).

**A.     The plain language of the statute indicates that printing the month of an expiration date is not a FACTA violation.**

Displaying the month of a card's expiration date does not violate FACTA. In construing a statute, this Court begins with the statutory language "to determine if it provides a clear answer to the meaning of the words in question." *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 987 (7th Cir. 2001). FACTA does not define "expiration date"; therefore, the Court "start[s] with the assumption that Congress intended the word to have its ordinary meaning." *Id.*; *see also Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 798 (7th Cir. 2010) (citing *FDIC v. Meyer*,

3

510 U.S. 471, 476 (1994)). In considering the statutory language, this Court may also consider "the subject matter to which a word or phrase refers." *Firstar Bank*, 253 F.3d at 987.

"Dictionaries are a helpful resource in ascertaining the common meaning of terms that a statute leaves undefined . . . ." *Shlahtichman*, 615 F.3d at 799 (citing *Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 555 U.S. 271 (2009)). The dictionary defines "date" as "the time at which an event occurs" and "expiration" as "the fact of coming to an end or the point at which something ends." Merriam-Webster Ninth New Collegiate Dictionary (1983). Black's Law Dictionary similarly defines "date" as "The day when an event happened or will happen" and "expiration date" as "The date on which an offer, option, or the like ceases to exist." (7th ed. 1999). In the context of a credit or debit card, an "expiration date" consists of a month and year after which the card ceases to be operational. Any cardholder who has looked at the face of a card knows what an expiration date is, and any cardholder who has made a purchase over the telephone or by filling out a paper or online form has declared the "expiration date" of the card as a month and a year. A card does not expire, for instance, in "April" or "October." It expires in "April 2015" or "October 2017."

"All statutes depend for their meaning on external norms." *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 355 (7th Cir. 2000). In drafting FACTA, Congress drew on the common understanding of a credit card expiration date. When it prohibited a receipt from displaying "the expiration date," it thus did not mean "the month of the expiration date," "the year of the expiration date," or "any portion of the expiration date"—otherwise it would have used those words. *Cf. Shlahtichman*, 615 F.3d at 801-02 (if Congress had meant FACTA to apply to "electronic receipts viewed or printed by the consumer," it would have so signaled by using such terms as "Internet" or "email" in the statute). "A legislature that chooses language with time-

4

tested effects does not have to narrate those effects in order to achieve them; a statute is not a legal encyclopedia and need not ape one in order to specify the normal consequences of ordinary legal words and phrases." *In re Farley Inc.*, 236 F.3d 359, 361-62 (7th Cir. 2000).

Because Plaintiff does not allege that Shoe Carnival printed "the expiration date" on his receipt, he has not alleged a FACTA violation.

### B. This Court should not adopt the Third Circuit's reasoning from *Tommy Hilfiger*.

Only one case has directly addressed the issue of whether printing the month of the expiration date on a receipt complies with FACTA. *See Long v. Tommy Hilfiger, U.S.A., Inc.*, No. 09–1701, 2011 WL 635271 (W.D. Penn. Feb. 11, 2011), *aff'd*, 671 F.3d 371 (3d Cir. 2012). In that case, retailer Tommy Hilfiger printed the month but not the year of a card's expiration date on a receipt. The district court dismissed the complaint, holding that printing only the month complied with FACTA. *Long*, 2011 WL 635271, at *6. On appeal, the Third Circuit disagreed with the district court and held that printing the month violated FACTA, but nonetheless affirmed the dismissal because it found the contrary interpretation to be reasonable and thus held that Tommy Hilfiger had not *willfully* violated the statute. *Long*, 671 F.3d at 376-78.

The Third Circuit's holding as to willfulness is certainly correct (see below), but its underlying interpretation of the statute is incorrect. Addressing the text, the Third Circuit reasoned that, because Congress expressly permitted partial disclosure of card numbers but not expiration dates, it implicitly precluded partial disclosure of dates. 671 F.3d at 375. But that logic is flawed. Card numbers have 16 digits, so Congress needed to specify how many digits could be left unredacted and still comply with the law. (It chose five.) Credit card expiration dates have only two fields—month and year—so Congress had no need to specify how many fields could be left unredacted. The only option is one. The Third Circuit's logic is also flawed because it

overlooks the simple approach of applying both the card-number and expiration-date provisions according to their ordinary, common meaning. *See Faul*, 253 F.3d at 987 (where statutory term is not defined, "we start with the assumption that Congress intended the word to have its ordinary meaning"). The statute prohibits printing "more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). Nothing about Congress's decision to prohibit printing more than the last 5 digits of the card number calls into question the meaning of its prohibition on printing the expiration date. A month is not an "expiration date"—or even a "date" at all. Its printing complies with FACTA.

The Third Circuit's policy argument that printing a month can lead to identity theft is unpersuasive for two reasons. First, policy arguments cannot be used to alter the plain text of a statute. *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 979 (7th Cir. 1998) (rejecting a policy argument because the court's "role, when the language of a statute is plain, is to enforce that statute according to its terms"). Second, the Third Circuit's policy argument is incorrect. It worried that a criminal could recover different partial receipts for the same card from different merchants, one with just the month and one with just the year, and piece the date together. *Long*, 671 F.3d at 375. This scenario is not only remote in the extreme, but it presents no real threat of identity theft. As Congress noted, "[e]xperts in the field agree that proper truncation of the card number . . . *regardless of the inclusion of the expiration date*, prevents a potential fraudster from perpetrating identity theft or credit card fraud." 122 Stat. at 1565 (emphasis added).

The Third Circuit's opinion provides no persuasive reason to depart from FACTA's text prohibiting the printing of a card's "expiration date." This Court should apply the text and dismiss Plaintiff's claim on the merits.

**III. Plaintiff has not alleged a "willful" violation because the statute does not explicitly prohibit truncation of expiration dates, and no controlling authority or consensus exists.**

Even if Plaintiff could persuade this Court to agree that printing a month counts as printing an expiration date under FACTA, he still could not sustain his claim for a "willful violation" of FACTA because he cannot show that Shoe Carnival's interpretation is objectively unreasonable.

Because Plaintiff has not alleged that he suffered any harm and seeks only statutory penalties, the only claim available to him is one for a willful violation of the statute. *See* 15 U.S.C. § 1681n(a)(1)(A). A willful violation cannot be based on an interpretation that is merely erroneous; the defendant's interpretation must be "objectively unreasonable." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007).

Shoe Carnival's interpretation of the statute is not "objectively unreasonable." As previously discussed, only one case has directly considered the impact of a receipt's partial truncation of an expiration date. The district court in that case agreed with the interpretation Shoe Carnival advances. *See Long*, 2011 WL 635271, at *6. Even the court of appeals, though it adopted a different interpretation, agreed that Shoe Carnival's interpretation was objectively reasonable and thus affirmed the dismissal of the plaintiff's complaint for lack of willfulness. *Long*, F.3d at 378.

District courts across the country have also either mentioned in passing or implied that FACTA requires "truncation"[2] of the expiration date—including the Northern District of Illinois. *Hepokoski v. Brickwall of Chicago, LLC*, No. 09-cv-611, 2009 WL 5214311, at *2 (N.D. Ill. Sept. 22, 2009) ("[T]he Clarification Act bars any FACTA claim for failure to truncate an

---

[2] "Truncate" is defined as "to make something shorter." Merriam-Webster Ninth Collegiate Edition (1983).

expiration date after June 3, 2008."); *see also Barbieri v. Redstone Am. Grill, Inc.*, No. 07-cv-5758, 2009 WL 290467, at *4 (N.D. Ill. Feb. 6, 2009) (noting that § 1681c(g) requires that "the expiration date be truncated"); *Doores v. Robert Resources, LLC*, No. 12-1499, 2013 WL 4046266 (E.D. La, Aug. 8, 2013) ("Plaintiffs claim defendant failed to truncate the expiration dates"); *Amason v. Kangaroo Express*, No. 7:09–CV–2117–RDP, 2013 WL 987935, at * 5 (N.D. Ala. 2013) (The Clarification Act "absolved merchants of liability for failing to truncate the expiration date."); *Rowden v. Pacific Parking Sys., Inc.*, 282 F.R.D. 581, 583 (C.D. Cal. 2012) ("This case only involves the alleged failure … to truncate the expiration dates.") *Buechler v. Keyco, Inc.*, No. WDQ–09–2948, 2010 WL 1664226, at *2 n.3 (D. Md. April 22, 2010) (The Clarification Act "required expiration date truncation."); *Wilson v. H & R Block Enters., Inc.*, Nos. 07-0437-CV-W-ODS, 07-0599-CV-W-ODS, 2009 WL 32584, at * 2 (W.D. Mo. Jan. 6, 2009) (Plaintiff's claims arise from the "failure to truncate the expiration date.").

In addition, the title of FACTA subsection (g)—"Truncation of credit card and debit card numbers"—is consistent with the assumption made by these courts that truncation complies with the statute. The title may be considered as an indication of Congressional intent insofar as it "sheds light on some ambiguous word or phrase in the statute." *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 483 (2001).

Shoe Carnival did not have the benefit of guidance from the Supreme Court or Seventh Circuit, and a single decision from another circuit does not make an interpretation objectively unreasonable in this Circuit. As the Supreme Court has held in the qualified immunity context, it takes controlling authority in the defendant's jurisdiction or a "consensus of cases of persuasive authority" to make an interpretation objectively unreasonable. *Wilson v. Layne*, 526 U.S. 603, 617 (1999). Courts have applied a similar approach under FACTA, holding that a defendant's

8

interpretation is not objectively unreasonable "absent clear guidance from the Supreme Court or the [controlling] Circuit." *Kivo v. Blumberg Exelsior, Inc.*, No. 13-CV-4170, 2013 WL 6064229, at *7 (E.D.N.Y. Nov. 16, 2013). *Safeco* is in accord. There, the Supreme Court stated that "[w]here . . . the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator." 551 U.S. at 70 n.20; *see also Fuges v. Southwest Fin. Servs., Ltd.*, 707 F.3d 241, 249 (3d Cir. 2012) ("A defendant's conduct [under the Fair Credit Reporting Act] is reckless only if it was objectively unreasonable in light of legal rules that were clearly established at the time." (internal quotation marks omitted)); *Murray v. GMAC Mortg. Corp.*, 532 F. Supp. 2d 938, 944 (N.D. Ill. 2007) (holding that an interpretation of the Fair Credit Reporting Act was not objectively unreasonable because the legal rules were not "clearly established" and the interpretation "could reasonably have found support in the courts"). As discussed above, Shoe Carnival complied with a reasonable interpretation of FACTA's text, and no controlling authority in this Circuit or consensus of persuasive authority elsewhere exists that rejects its interpretation. Plaintiff thus cannot demonstrate that Shoe Carnival's interpretation was objectively unreasonable.

## CONCLUSION

Because Shoe Carnival did not violate FACTA, and at a minimum did not willfully violate that act, this Court should enter judgment on the pleadings in favor of Shoe Carnival.

9

Dated:  December 13, 2013

Respectfully submitted,
SHOE CARNIVAL, INC.


/s/ *Trina K. Taylor*
 By one of its attorneys


Aaron D. Van Oort
Deborah A. Ellingboe, *admitted pro hac vice*
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, Minnesota 55402
612-766-7000
aaron.vanoort@faegrebd.com
debbie.ellingboe@faegrebd.com

Trina K. Taylor
Faegre Baker Daniels LLP
311 S. Wacker Drive, Suite 4400
Chicago, Illinois 60606
312-212-6500
trina.taylor@faegrebd.com

dms.us.53235313.07

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was filed electronically and notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/      *Trina K. Taylor*     

11