United States District Court

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SULEJMAN NICAJ, | ) | |
| | ) | No. 13 C 7793 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| SHOE CARNIVAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Sulejman Nicaj filed this action against Shoe Carnival, Inc., alleging violations of the Fair and Accurate Credit Transactions Act ("FACTA")) amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g)(1). R. 1. Shoe Carnival has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). R. 21. For the following reasons, the motion is granted, and the case is dismissed.

## BACKGROUND

Shoe Carnival is one of the largest footwear retailers in the United States and, as of February 2, 2013, operates twenty-six stores in Illinois, including one in Naperville. R. 1 ¶11. For consumer transactions, it accepts Visa and MasterCard credit and debit cards and American Express and Discover credit cards. R. 1 ¶ 14.

On October 29, 2013, Nicaj used his Visa debit card to make a purchase at Shoe Carnival's Naperville store. R. 1 ¶ 21. After Shoe Carnival's employee used Nicaj's card to complete the transaction, the employee handed Nicaj "an

1

electronically printed receipt at the point of sale that contained the month of [Nicaj's] Visa card's expiration date." R. 1 ¶ 22. Nicaj alleges that Shoe Carnival's "point of sale terminal at its store in Naperville, Illinois, was programmed to print the month of credit and debit card's expiration dates on electronically printed receipts." R. 1 ¶ 23.

As a result of this transaction, Nicaj filed suit against Shoe Carnival on October 31, 2013, contending that Shoe Carnival violated 15 U.S.C. § 1681c(g)(1), which prohibits a business from including the expiration date on any electronically printed receipt that is "provided to the cardholder at the point of sale or transaction." R. 1. He brings this suit as a class action pursuant to Federal Rule of Civil Procedure 23. R. 1 ¶¶ 36-49.

**LEGAL STANDARD**

A party is permitted under Federal Rule of Civil Procedure 12(c) to move for judgment on the pleadings after the complaint and answer have been filed. Fed. R. Civ. P. 12(c). The Court reviews a Rule 12(c) motion employing the same standard as that applied when reviewing a motion to dismiss under Rule 12(b)(6). *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). In other words, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party, *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013), and will only grant the motion "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004).

2

## ANALYSIS

Nicaj alleges that Shoe Carnival willfully violated 15 U.S.C. § 1681c(g)(1), which provides:

> (g) Truncation of credit cards and debit card numbers.
> . . . .
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or *the expiration date* upon any receipt provided to the cardholder at the point of the sale or transaction. (emphasis added)

If a merchant violates the statute as a result of mere negligence, a plaintiff may recover actual damages. *See* § 1681o(a)(1). "If the violation was willful, however, FACTA allows a plaintiff to elect to recover either actual damages or statutory damages between $100 and $1000. A court may also award punitive damages in cases involving willful violations." *Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371, 374 (3d Cir. 2012) (citing § 1681n(a)(2)) (internal citation omitted).

Nicaj has not alleged that he suffered any actual damages, so in order to receive an award for damages, he must demonstrate that any violation by Shoe Carnival was willful. Shoe Carnival contends, first, that there is no set of facts that would support a conclusion that it violated § 1681c(g)(1); and second, even if it did violate the statute, there is no set of facts that would support a conclusion that it did so willfully. R. 22. The Court addresses Shoe Carnival's arguments in turn.

## I. Violation of the FACTA

Nicaj alleges that the electronically-printed receipt he received "had the month of [his] card's expiration date" on it. R. 1 ¶ 31. He does not, however, allege

3

that the receipt included the expiration date's year. Accordingly, taking Nicaj's sole allegation as true, the issue is whether printing the expiration *month* qualifies as printing the expiration *date*, as specified in § 1681c(g)(1). Nicaj says yes; Shoe Carnival says no.

The Seventh Circuit has not yet addressed whether printing only the expiration month, or alternatively just the year, qualifies as a violation of the FACTA. The Court must, therefore, follow the well-established principles of statutory construction and look to the language of the statute to determine what qualifies as a violation. *See In B.R. Brookfield Commons No. 1 LLC*, 735 F.3d 596, 598 (7th Cir. 2013). In doing so, the Court uses the "plain meaning" of the text because "that approach respects the words of Congress." *Leibovitch v. Islamic Republic of Iran*, 697 F.3d 561, 570 (7th Cir. 2012) (quoting *Lamie v. U.S. Tr.*, 540 U.S. 526, 536 (2004)) (internal quotation marks omitted).

The language of the provision at issue is clear: an electronically printed receipt shall not include the "expiration date." *See* 15 U.S.C. § 1681c(g)(1). The phrase "expiration date" is not defined in the statute, but it is axiomatic that the expiration date on a credit card includes *both* the month and the year. For example, when a merchant asks for the expiration date on a consumer's card, the consumer is required to provide the month and the year listed—a failure to provide both will preclude the transaction from going through. Thus, the plain meaning of "expiration date" is the inclusion of both the expiration month *and* the expiration year, and the

Court finds that printing only the card's expiration month on a receipt is not a violation of the FACTA.

The Court notes that the Third Circuit reached the opposite result in *Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371 (3d Cir. 2012). There, the court stated:

> [I]f Congress had intended to allow a partial printing, it would have used language similar to what it used for credit or debit card numbers. With respect to card numbers, Congress clearly indicated the scope of disclosure allowed by specifically stating that no merchant shall print *"more than the last 5 digits* of the card number." 15 U.S.C. § 1681c(g)(1) (emphasis supplied). Congress demonstrated that it knew how to use language allowing for the partial disclosure of information, but elected not to include any such language in the context of expiration dates.

*Long*, 671 F.3d at 375. However, the opposite conclusion could just as easily be true from that rationale: Congress demonstrated that it knew how to use language specifying precisely what information a merchant is prohibited from including on a receipt, yet the statute does not prohibit a merchant from printing *part* or a *portion* of the "date." Accordingly, if Congress had wanted to prohibit a merchant from including part of the date, it could have done so. It did not. So following the plain meaning of the text (as the Court is required to do), the Court concludes that a merchant only violates the FACTA when it prints the *entire* expiration date. Therefore, Shoe Carnival did not violate the statute by only printing Nicaj's card's expiration *month. See Manning v. United States*, 546 F.3d 430, 433 (7th Cir. 2008) ("[W]hen the statute's language is plain, the sole function of the courts—at least where disposition required by the text is not absurd—is to enforce it according to its

5

terms." (quoting *Dodd v. United States*, 545 U.S. 353, 359 (2005))) (alteration in *Manning*).

## II.     Willful Violation

Even if the Court adopted *Long*'s reasoning as to whether Shoe Carnival violated the statute, Shoe Carnival would still be entitled to judgment on the pleadings. Nicaj does not allege actual damages; he only requests statutory damages and any other relief the Court deems appropriate. R. 1. Accordingly, to recover any damages, Nicaj must be able to demonstrate Shoe Carnival violated the statute willfully. But here, under no set of facts alleged can Nicaj establish that any violation of the statute was willful.

The *Long* court addressed the willfulness component after concluding that the defendant violated the statute. *See Long*, 671 F.3d at 376-77. In doing so, the court looked to the Supreme Court's analysis of "willfulness" in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), and summarized the *Safeco* decision as follows:

> [T]he Court concluded that the violation was not willful because the willfulness component is not met "unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law *substantially greater than the risk associated with a reading that was merely careless*." *Safeco*, 551 U.S. at 69 (emphasis supplied). Accordingly, the Court held that a violation does not cross the willfulness threshold because a defendant's interpretation is erroneous; it must instead be "objectively unreasonable." *Id.*

*Long*, 671 F.3d at 377.

Applying that framework to the facts alleged here (and assuming there was a violation of § 1681c(g)(1)), Shoe Carnival did not willfully violate the statute for a number of reasons. First, this Court has concluded that Shoe Carnival did not violate the statute—i.e., printing the expiration month is not prohibited by the provision which precludes printing the "expiration date"—and because the Court does not believe its own interpretation is "objectively unreasonable," Shoe Carnival's belief that printing the month was not a violation likewise cannot be considered "objectively unreasonable." Next, as discussed in *Long*, the statute does not define the phrase "expiration date," and even the district court in *Long* adopted the interpretation of the statute that this Court adopts today. *See Long*, 671 F.3d at 377. Lastly, even though *Long* concluded that printing the month was a violation of the statute, the Court does not believe that a single case in the Third Circuit is sufficient "authoritative guidance or case law" as to make Shoe Carnival's belief "objectively unreasonable." *Cf.* R. 24 at 5 (quoting *Van Straaten v. Shell Oil Prods. Co. LLC*, 678 F.3d 486, 490-91 (7th Cir. 2012) (Cudahy, J.) (concurring) (citing *Safeco*, 551 U.S. at 70 n.20) *cert denied* 133 S. Ct. 983 (Jan. 22, 2013)).[1] Various courts often have objectively reasonable, yet differing opinions. *See generally United States v. Wolfe*, 701 F.3d 1206, 1217 (7th Cir. 2012) (explaining that only the

---

[1] The Court is cognizant of the Seventh Circuit's citation to *Long* and the corresponding parenthetical, which stated that "printing on a receipt the month of a credit card's expiration date, but not the year, is not a willful violation, even though § 1681c(g) prohibits printing any portion of a card's expiration date." *Shell Oil*, 678 F.3d at 489 (citing *Long*, 671 F.3d at 371). Nonetheless, *Shell Oil* dealt with the portion of § 1681c(g)(1) involving the credit/debit card's number, not the expiration date. Accordingly, the cite to *Long* does not indicate that the Seventh Circuit approves of *Long*'s interpretation of the statute or has adopted its reasoning.

Seventh, Eighth, and Tenth Circuits "have found restitution to be in civil in nature" but nonetheless declining to overrule its precedent). Accordingly, because another court could agree with Shoe Carnival's interpretation of the provision—as this Court does today—the simple fact that the appellate court in *Long* had a contrary interpretation does not render Shoe Carnival's belief objectively unreasonable.

In short, in the event the Court's interpretation of the provision is overturned, Shoe Carnival would still be entitled to judgment on the pleadings because no set of facts would support a conclusion that it willfully violated the statute.

## CONCLUSION

For the foregoing reasons, Shoe Carnival's motion for judgment on the pleadings, R. 21, is granted, and the case is dismissed with prejudice.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: January 16, 2014